IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIANE ANDERSON, et al.,

        Plaintiffs,

v.

DAVIS WRIGHT TREMAINE LLP, et al,

        Defendants.

No. 3:20-cv-01194-AR

OPINION & ORDER

John W. Stephens and Michael J. Esler
Esler, Stephens & Buckley, LLP
121 S.W. Morrison Street, Suite 700
Portland, OR 97204

John Cathcart Rake and Christopher J. Kayser
Larkins Vacura Kayser LLP
121 S.W. Morrison Street, Suite 700
Portland, OR 97204

    Attorneys for Plaintiff

Keith A. Ketterling, Lydia Anderson-Dana, and Timothy S. DeJong
Stoll Stoll Berne Lokting & Schlachter, PC
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204

    Attorneys for Defendant Davis Wright Tremaine LLP

1 – OPINION & ORDER

Peter D. Hawkes
Angeli Law Group LLC
121 S.W. Morrison Street, Suite 400
Portland, OR 97204

    Attorneys for Defendant Ross Miles

Kristin M. Asai, Shannon L. Armstrong, and J. Matthew Donohue
Holland & Knight, LLP
601 SW Second Avenue, Suite 1800
Portland, OR 97204

    Attorneys for Defendant Pacific Premier Bank

Charles J. Paternoster
Parsons Farnell & Grein, LLP
1030 SW Morrison Street
Portland, OR 97205

    Attorneys for Defendant Riverview Community Bank

HERNÁNDEZ, District Judge:

Before the Court is Plaintiffs' Motion for Leave to File Third Amended Complaint, ECF No. 152. Plaintiffs' proposed complaint adds two new claims: one for Declaratory Judgment under 28 U.S.C. § 2201 and one for a permanent injunction. This proposed complaint is substantially similar to Plaintiffs' previous proposed supplemental complaint, which the Court denied leave to file on November 1, 2023. Because Plaintiffs' complaint fails to join a necessary party, Plaintiffs' Motion to Amend is DENIED.

## STANDARDS

Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." "The court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

2 – OPINION & ORDER

Futility can, by itself, justify denial of a motion for leave to amend. *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014).

## DISCUSSION

Plaintiffs' motion to amend is futile, as their proposed complaint fails to join an indispensable party.

FRCP 19 prescribes a two-step analysis to determine whether a party should or must be joined. *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 819 (9th Cir. 1985). Under Rule 19(a)(1), the court must first determine whether the party is necessary. *Id.* A party is necessary if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FRCP 19(a)(1).

If the party is necessary, but joinder is not feasible, the court must then consider, under Rule 19(b), whether "in equity and good conscience" the action should proceed without joinder. *Takeda*, 765 F.2d at 819; *see also E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (noting that whether a party is indispensable to an action involves "three successive inquiries" with the first determining whether the absent party is "required," the second determining the feasibility of joinder, and the third, if the absent party is required and cannot feasibly be joined, whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed."). Four factors are relevant to the indispensable inquiry:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice

could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action is dismissed for nonjoinder.

FRCP 19(b). This analysis is "a practical, fact-specific one, designed to avoid the harsh results of rigid application." *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1154 (9th Cir. 2002). Generally, determinations under Rule 19 are left to the sound discretion of the trial court. *Kescoli v. Babbitt*, 101 F.3d 1304, 1309 (9th Cir. 1996).

Plaintiffs maintain that the Receiver is not a required party. They argue that the settlement agreement assigns "the responsibility of enforcing" the claims bar in this Court to Defendant Banks. Plaintiffs also argue that joinder is not necessary because the Receiver's interests will be represented adequately by the existing parties.

However, the Receiver has a fiduciary duty to both the receivership court and the investors that cannot be "assigned" to Defendant Banks. The Receiver has a clear and unique interest in Plaintiffs' proposed new claims, as these claims are based entirely on the Receiver's actions. In performing its duty, the Receiver evaluated the investors' claims, settled the claims with Defendant Banks, and filed the motion for contempt in Clark County Superior Court. Further, Plaintiffs seek to enjoin the enforcement of orders sought by the Receiver. The Receiver is a necessary party.

Because the Receiver cannot be sued without leave of the receivership court, this Court may not order that the Receiver be made a party, as contemplated by FRCP 19(a)(2). Although Plaintiffs have admittedly not asked the receivership court for leave, the Court assumes for this analysis that joinder is not feasible.

A judgment on the proposed new claims would very likely prejudice the Receiver and the investors to whom the receiver has a fiduciary duty. Just as that fiduciary duty cannot be

assigned to Defendant Banks, any attempt by this Court to lessen prejudice would still be insufficient to fulfill that responsibility. And finally, the state court appellate process provides an adequate and much more appropriate remedy for Plaintiffs' new claims. "In equity and good conscience," Plaintiffs' new claims may not proceed without the Receiver.

## CONCLUSION

Plaintiffs' Motion to Amend, ECF No. 152, is DENIED.

IT IS SO ORDERED.

DATED:__December 26, 2023_____.

_____
MARCO A. HERNANDEZ
United States District Judge