# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **DIANE ANDERSON**, trustee of the Diane L. Anderson Revocable Trust; **BONNIE BUCKLEY**; trustee of the Bonnie K. Buckley IRA; **CARL AND KIRBY DYESS**, trustees of the Dyess Family Trust; **PETER KOUBECK**, an individual and trustee of Peter L. Koubeck IRA; **MICHAEL PETERSON**, trustee of the Michael T. Peterson IRA; and **ED WILSON**, an individual, | Case No.: 3:20-cv-01194-AR |

Plaintiffs,

v.

**DAVIS WRIGHT TREMAINE LLP**, a
Washington limited liability partnership; **ROSS
MILES**, an individual; **MAUREEN WILE**, an
individual; **PACIFIC PREMIER BANK**, a
California chartered bank; **RIVERVIEW
COMMUNITY BANK**, a Washington chartered
bank,

Defendants

**FINDINGS AND RECOMMENDATION
TO CERTIFY SETTLEMENT CLASS,
FOR FINAL APPROVAL OF
SETTLEMENT, APPROVE PLAN OF
DISTRIBUTION, AND AWARD
ATTORNEY FEES AND EXPENSES**

**ARMISTEAD, Magistrate Judge**

This matter comes before the court on Class Representatives' Motion for Final Approval of

Class Action Settlement (ECF 185) seeking (1) final approval of the Class Action Settlement

Page 1     **FINDINGS AND RECOMMENDATION TO CERTIFY
SETTLEMENT CLASS, FOR FINAL APPROVAL OF
SETTLEMENT, APPROVE PLAN OF
DISTRIBUTION, AND AWARD ATTORNEY FEES
AND EXPENSES**

Agreement dated August 26, 2022 ("Settlement") between Class Representatives and the law firm of

Davis Wright Tremaine LLP ("DWT"); (2) certification of the Settlement Class; (3) approval of the

Distribution Plan; and (4) approval of Class Counsel's request for payment of attorney fees and

reimbursement of costs (ECF 190).  One of the conditions of the Settlement is the entry of a

contribution Claims Bar Order.  That matter is addressed in a separate Findings and

Recommendation.

       As background, on September 5, 2023, the court entered Findings and Recommendation on

Preliminary Approval of Partial Class Action Settlement (ECF 113) in which the court

recommended that preliminary approval of the Proposed Settlement be granted.  The Findings and

Recommendation included a recommendation to: (1) preliminarily approve the proposed Settlement

with DWT; (2) provisionally certify a settlement class; (3) preliminarily approve the Distribution

Plan from the settlement; (4) approve the proposed Claims Administrator; (5) approve the form and

method of Class Notice; and (6) preliminarily approve plaintiffs' counsel as settlement Class

Counsel.

       Thereafter, by Order dated December 14, 2024 (ECF 172), U.S. District Judge Marco

Hernández adopted in full the Findings and Recommendation.  On January 5, 2024, the court entered

a further Amended Order Preliminarily Approving Settlement and approving the updated final form

of Notice (ECF 179). As provided in the Notice, the court conducted a Final Fairness Hearing on

April 4, 2024. (ECF 89, 101, 103, 172, 174.)

       In addition to the pleadings, motions, and other papers the court considered in connection

with Plaintiffs' Motion for Preliminary Approval of Partial Settlement (ECF 89), which the court

discussed in its Findings and Recommendation (ECF 113), the court has considered the following:

    1.  Class Representatives' Motion for Final Approval of Class Action Settlement (ECF 185);

Page 2      **FINDINGS AND RECOMMENDATION TO CERTIFY**
             **SETTLEMENT CLASS, FOR FINAL APPROVAL OF**
             **SETTLEMENT, APPROVE PLAN OF**
             **DISTRIBUTION, AND AWARD ATTORNEY FEES**
             **AND EXPENSES**

2.   Declaration of Norman S. Transeth, Jr. in Support of the Motion for Final Approval of the Davis Wright Tremaine LLP Settlement (ECF 187);

3.   Declaration of Gary N. Hardiman Regarding Mailing of Notices to Class and Related Matters (ECF 188);

4.   Declaration of John W. Stephens in Support of Motions for Final Approval of Davis Wright Tremaine Settlement and Attorney Fees and Expenses (ECF 189);

5.   Class Counsel's Motion for Award of Attorney Fees and Costs (ECF 190);

6.   Corrected Declaration of John C. Rake in Support of Motions for Final Approval of Davis Wright Tremaine Settlement and Attorney Fees and Expenses (ECF 192);

7.   Class Representatives and Defendant Davis Wright Tremaine LLP's Joint Motion for Entry of Claims Bar Order (ECF 193);

8.   Pacific Premier's Opposition to Motion for Final Approval of Class Settlement and Claims Bar (ECF 195);

9.   Riverview's Response in Opposition and Joinder of Pacific Premier's Opposition to Motion for Final Approval of Class Settlement and Claims Bar (ECF 196);

10. Class Representatives' and Davis Wright Tremaine LLP's Reply Memorandum in Support of Joint Motion for Entry of Claims Bar Order (ECF 197);

11.  Class Counsel's Supplemental Memorandum in Support of Motion for Award of Attorney Fees and Costs (ECF 198);

12. Declaration of John C. Rake in Support of Supplemental Memorandum Re Motion for Award of Attorney Fees and Costs (ECF 199);

13.  Class Representatives' Supplemental Memorandum in Support of Motion for Final Approval of Class Action Settlement (ECF 200); and

14. Declaration of Norman S. Transeth, Jr. in Support of Supplemental Memorandum re Final Approval of Class Action Settlement (ECF 201).

15. Supplemental Declaration of Norman S. Transeth, Jr. to Report on Receipt of Outstanding Claim Forms (ECF 203).

## FINDINGS

For the reasons stated in its Findings and Recommendation Preliminarily Approving

Page 3    **FINDINGS AND RECOMMENDATION TO CERTIFY
SETTLEMENT CLASS, FOR FINAL APPROVAL OF
SETTLEMENT, APPROVE PLAN OF
DISTRIBUTION, AND AWARD ATTORNEY FEES
AND EXPENSES**

Settlement and Providing Notice and on the record at the Final Fairness Hearing, the court makes the following findings:

**A.**    *Terms of the Settlement*

The proposed settlement between DWT and the Class ("Settlement") provides that DWT will pay $4,500,000 in consideration of release of certain broadly defined claims against it in this Class action as well as the *Beattie* Litigation.  Of this amount, $3,638,181 will be available in settlement of claims held by Class members against DWT.  The balance of the $4,500,000 payment by DWT goes to the plaintiffs in *Beattie v. Davis Wright Tremaine, LLP*, Case No. 20CV09419 (Mult. Cnty. Cir. Ct.) (the *Beattie* plaintiffs are investors whose domicile prevents them from joining this Class action), and the Receiver in the AEM Receivership pending in Clark County, Washington *(In re: American Eagle Mortgage 100, LLC*, Case No. 19-2-01458-06 (Clark Cnty. Sup. Ct.).  Following court approval of the settlement and payment by DWT, the District Judge will enter a partial judgment dismissing with prejudice the broadly defined claims against DWT held by plaintiffs and the members of the Class.

**B.**    *Notice to Class Members*

The notice requirements included in the court's Orders preliminarily approving the settlement have been fully satisfied.

On January 19, 2024, Class Counsel, Esler, Stephens & Buckley LLP, duly mailed the form of notice and claim form to all the members of the Class by U.S. Mail.  (ECF 188 ¶ 2.)  The form of Class Notice (ECF 188 Ex. A) informed Class members that $3,638,181 would be available in settlement of claims held by Class member against DWT—the balance of the $4,500,000 payment by DWT going to the plaintiffs in the *Beattie* action and the Receiver in the AEM Receivership case pending in Clark County.  The Notice informed the Class that Class Counsel would be seeking 25

**FINDINGS AND RECOMMENDATION TO CERTIFY
    SETTLEMENT CLASS, FOR FINAL APPROVAL OF
    SETTLEMENT, APPROVE PLAN OF
    DISTRIBUTION, AND AWARD ATTORNEY FEES
    AND EXPENSES**

percent or $919,250 in attorney fees and reimbursement of out-of-pocket expenses; and that
$100,000 was being set aside to pay the Claims Administrator, Transeth & Associates, for its
services.  The Class Notice informed Class members that upon DWT's payment of the settlement,
broadly defined claims that Class members held against DWT would be released.

The accompanying Claim form that Class members signed contained a release of those
claims.  In addition, consistent with the proposed Plan of Distribution, the Claim form provided each
Class member with Class Counsel's calculation of their claim amount and provided them with an
opportunity to object and to state a different amount.

The Claims Administrator, Norman Transeth, followed up with all the Class members who
had not returned their signed claim form.  As a result of his efforts, the Claims Administrator
succeeded in getting a signed claim form back from every Class member.[1]  (ECF 187, ECF 201.)

The notice given to Class members (i) constituted the best notice practicable under the
circumstances ii) constituted notice that was reasonably calculated under the circumstances to
apprise Class Members of the pendency of the Action, of their right to object or to exclude
themselves from the Settlements, of their right to appear at the final approval hearing and of their
right to seek relief; iii) constituted reasonable, due, adequate and sufficient notice to all persons
entitled to receive notice; and iv) complied in all respects with the requirements of Rule 23, due
process, and all other applicable law.

---

[1]     Class Counsel reported at the hearing on the motion for final approval, April 4, 2024, that
two Class members' Claim Forms were in the mail and one Class member had just returned from
South America and had assured the Claims Administrator that she would return her signed Claim
Form shortly. At the April 4 hearing, Class counsel requested permission for the Claims
Administrator to accept the untimely Claim Forms, which the Court approved. (ECF 202.) The
Claims Administrator now confirms the final signed Claim Forms have all been received. (ECF
203.)

Page 5        **FINDINGS AND RECOMMENDATION TO CERTIFY
              SETTLEMENT CLASS, FOR FINAL APPROVAL OF
              SETTLEMENT, APPROVE PLAN OF
              DISTRIBUTION, AND AWARD ATTORNEY FEES
              AND EXPENSES**

**C.**     *Fairness, Reasonableness and Adequacy of the DWT Settlement*

Federal Rule of Civil Procedure 23(e) requires court approval and notice before a putative

class action may be settled. The court may approve a settlement that will bind class members "only

on finding that it is fair, reasonable, and adequate." Before turning to the Rule 23(e) factors, the

court notes that no Class member sought exclusion from the Class or objected to the Settlement and

each Class member approved their claim amount. The lack of any objections by Class members

following the notice of the proposed settlement amount, the release and claim reduction terms, the

distribution plan, the attorney fees, and the Claims Administrator expense, is strong additional

evidence that the Settlement is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(2); *Arnett v.*

*Bank of America*, No. 3:11-cv-1372-SI, 2014 WL 4672458, at *10 (D. Or. Sep. 18, 2014) ("The

extremely positive reaction of the Settlement Class further demonstrates that the Settlement

Agreement is fair and reasonable."), relying on *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,

221 F.R.D. 523, 529 (C.D. Cal. 2004) ("[T]he absence of a large number of objections to a proposed

class action settlement raises a strong presumption that the terms of a proposed class settlement

action are favorable to the class members."); *In re Checking Account Overdraft Litig.*, 830 F.

Supp.2d 1330, 1343 (S.D. Fla. 2011) ("The near 'unanimous approval of the proposed settlements

by the class members is entitled to nearly dispositive weight in this court's evaluation of the

proposed settlements.'").

In addition to the above, the court has evaluated the Settlement under the following Rule

23(e)(2) factors:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

Page 6        **FINDINGS AND RECOMMENDATION TO CERTIFY**
              **SETTLEMENT CLASS, FOR FINAL APPROVAL OF**
              **SETTLEMENT, APPROVE PLAN OF**
              **DISTRIBUTION, AND AWARD ATTORNEY FEES**
              **AND EXPENSES**

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Each factor is analyzed below.

### 1.      Rule 23(e)(2)(a): Adequacy of Representation

The Class Representatives and Class Counsel have adequately represented the Class in the litigation and pursuing the Settlement. Class Representatives have claims that are typical of and coextensive with those of the Class and have no interests that are antagonistic to members of the Class. Class Counsel, who are experienced and have received recognition for their work in handling significant securities cases and class action litigation like this matter, have diligently represented the Class for years throughout this highly contentious litigation. The Class Representatives and DWT reached the Settlement only after nearly two years of investigation and discovery had taken place. *See, e.g.*, FED. R. CIV. P. 23(e)(2)(A) Advisory Committee's Note to 2018 amendment (analysis under this factor includes, for example, "the nature and amount of discovery" undertaken to date in the litigation).  In short, Class Counsel and Class Representatives have adequately represented the Class and this factor weighs in favor of final approval of the Settlement.

### 2.      Rule 23(e)(2)(b): Arms-length Nature of the Settlement

The Settlement is the result of good faith arm's-length negotiations and there is no evidence of fraud or collusion. The proposed Settlement was reached after hard-fought, very lengthy negotiations facilitated by a highly-experienced mediator, Robert A. Meyer.  This weighs in favor of

**FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

approving the Settlements.

### 3. Rule 23(e)(2)(c): Adequacy of relief provided

The relief provided for the Class in the Settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

Here, the substantial relief (nearly $3.7 million) that the Class will receive pursuant to the Settlement is highly favorable, especially when viewed against the litigation risks. The Settlement resolves the dispute as to one defendant only—DWT—in exchange for payment of just under $3.7 million, nearly 15 percent of the total damages sought by the Class. Due to the complexities inherent in this case and the fact that DWT did not represent American Equities after 2010, the certainty of this substantial settlement amount must be judged in the context of the legal and practical obstacles to obtaining a large judgment against DWT at trial. Continuing litigation through the conclusion of discovery, class certification, summary judgment, and trial would be expensive and would delay any recovery to Class Members for years. Moreover, even if the Class Representatives tried the case and prevailed, DWT could appeal the verdict, thus adding years of further delay and expense to the litigation. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041–42 (N.D. Cal. 2008). Thus, the relief received by the Class, which represents a fraction of what the Class could recover if the case went to trial, is adequate. *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1011 (E.D. Cal. 2019). The present value of the Settlement, as opposed to the possibility that a better result might be obtained at some future date and in light of the risks and expenses of continuing litigation, supports a finding that the Settlement is fair, reasonable, and adequate. Furthermore, the experience and views

**FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

of Class Counsel support approval of the Settlements.[2] Most of all, the unanimous support from

Class members weighs in favor of approval, as discussed above. This subfactor weighs in favor of

final approval.

As to the effectiveness of the proposed distribution method, each Class Member will share in

the Settlement Fund on a pro rata basis based on their AEM Fund account balance on May 10, 2019,

as adjusted. Prior to the fairness hearing, each Class Member received a calculation of their "net

recognized loss," and they had an opportunity to correct any deficiencies in the calculation; no

deficiencies were found. Funds will be distributed directly to Class Members as individual

settlement checks by an experienced Claims Administrator. This method will provide for the most

efficient distribution process while minimizing any inconvenience to the Class Members. Thus, there

is minimal, if any, concern here regarding the possibility of "unjustified claims." *See* FED. R. CIV. P.

23(e) Advisory Committee's Note to 2018 amendment. This subfactor weighs in favor of final

approval.

As to the terms of any attorney fee award, the court has considered the proposed attorney fee

award of 25 percent vis-à-vis the "relief provided for the class" in determining that the settlement is

adequate for Class members. *Briseño v. Henderson,* 998 F.3d 1014, 1024 (9th Cir. 2021). The Ninth

Circuit instructs courts to "analyze three factors: (1) whether counsel 'receive[d] a disproportionate

distribution of the settlement'; (2) whether the parties agreed to a 'clear sailing arrangement'; and (3)

whether the settlement includes a 'kicker' or 'reverter' clause." *Cuellar v. First Transit Inc.*, Case

No. 8:20-CV-01075-JWH-JDE, 2024 WL 83231, at *3 (C.D. Cal. Jan. 8, 2024) (quoting *Briseño,*

---

[2]      Class Counsel consists of lawyers from two different firms, all of whom have considerable
experience in securities litigation. Accordingly, the court can give great weight to counsel's
recommendation to settle in lieu of pursuing further litigation.

Page 9          **FINDINGS AND RECOMMENDATION TO CERTIFY
                SETTLEMENT CLASS, FOR FINAL APPROVAL OF
                SETTLEMENT, APPROVE PLAN OF
                DISTRIBUTION, AND AWARD ATTORNEY FEES
                AND EXPENSES**

998 F.3d at 1026–27). Here, Class Counsel is not receiving a disproportionate distribution of the

settlement, and the settlement does not include a kicker or reverter clause. Though DWT agreed not

to challenge a fee award above 25 percent, which is the benchmark for attorney fees in the Ninth

Circuit, *Mostajo v. Nationwide Mut. Ins. Co.*, No. 2:17-CV-00350-KJM-AC, 2022 WL 3141879, at

*6 (E.D. Cal. Aug. 5, 2022), this does not evidence collusion, particularly given the time expended

and results obtained. *See Martinez v. Semi-Tropic Coop. Gin & Almond Huller, Inc.*, Case No. 1:19-

CV-1581 JLT CDB, 2023 WL 3569906, at *14 (E.D. Cal. May 19, 2023) (noting "the existence of a

clear sailing provision is not necessarily fatal to approval" where the award is reasonable in light of

the time expended and results obtained). The court's more detailed findings on the reasonableness of

the attorney fee award is contained below, but for the purposes of Rule 23(e)(2)(C)(iii), this

subfactor weighs in favor of final approval.

As to agreements[3] that must be identified under Rule 23(e)(3), the court takes notice of the

Supplemental Agreement made by the Class Representatives and the Receiver. This agreement

provides consideration to the Receiver from the Settlement ($36,818.89), in exchange for the

Receiver's release of claims against DWT. Because the Supplemental Agreement does not

undermine the adequacy of the settlement, this subfactor also weighs in favor of final approval.

### 4.    Rule 23(e)(2)(d): Equitable Treatment of Class Members

The Settlement treats Class members equitably. Here, the distribution plan is designed to

---

[3]    For sake of clarity, the court acknowledges that the Settlement is contingent on the entry of an injunction barring contribution claims by the other defendants in this action against DWT. In addition, it contemplates a form of partial judgment in this action that dismisses the action against DWT as to all Class members with prejudice and that results in a dollar-for-dollar reduction of the amount of claims a plaintiff or a Class member may have against defendants Ross Miles, Maureen Wile, Pacific Premier, Riverview, or a future defendant. As noted above, this issue is resolved in a concurrently issued Findings and Recommendation.

compensate Class members equitably, based on their net recognized loss, which derives from their investment account balance on May 10, 2019, as adjusted. There is no preferential treatment because Class Representatives will receive the same pro rata distribution based on their losses as other Class Members, nor are the Class Representatives seeking any sort of incentive award. *See, e.g.*, *In re Zynga Inc. Sec. Litig.*, Case No. 12-CV-04007-JSC, 2015 WL 6471171, at *10 (N.D. Cal. Oct. 27, 2015). Thus, this factor weighs in favor of final approval.

### 5.    Analysis of "Churchill" Factors

Other somewhat overlapping factors, commonly referred to as the *Churchill* factors, considered by district courts in the Ninth Circuit, include: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021). Each relevant factor is discussed below.

Here, the strength of plaintiffs' case weighs in favor of settlement. Plaintiffs could face significant legal defenses in pretrial, trial, and appellate proceedings. Securities class actions can be notoriously complicated, time-consuming, and victory is uncertain. *Redwen v. Sino Clean Energy, Inc.*, Case No. CV 11-3936 PA (SSx), 2013 WL 12303367, at *6 (C.D. Cal. July 9, 2013);  *In re Extreme Networks, Inc. Sec. Litig.*, Case No. 15-CV-04883-BLF, 2019 WL 3290770, at *8 (N.D. Cal. July 22, 2019); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 416 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020) (securities litigation is "highly complex," "notably difficult and notoriously uncertain."). This case is

Page 11        **FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

complex, has endured significant Covid-related delay, would require a substantial additional amount of time and expense to bring to a verdict and there is a risk that it would not succeed, particularly given DWT's (and other defendants') vigorous defense. The time and expense to get through discovery, class certification, trial, and appeals, promises to be much greater than what the parties already have incurred to date. Settlement with DWT removes a significant player on the defense side, and provides some present value to the Class, as opposed to a mere possibility a better result might be obtained at a future date. This factor weighs heavily in favor of approval.

As a related point, the risk of maintaining class action status through trial weighs in favor of approving the Settlement. If the proposed Settlement had not stopped the litigation vis-à-vis DWT, DWT may have challenged certification given the multiple AEM Fund offerings and the timing of its representation of American Equities. Moreover, any order that "grants or denies class certification may be altered or amended before final judgment." FED. R. CIV. P. 23(c)(1)(C). That there is no guarantee of obtaining class certification or maintaining it through trial weighs in favor of final approval.

In addition, the amount offered in Settlement weighs in favor of approving the Settlement. The approximate 15 percent recovery here—from *one* defendant—is higher than class action settlements granted final approval in other securities cases. *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements: 2022 Review & Analysis* 6, Cornerstone Research (2023) (noting the median settlement for securities cases under $25 million in 2022 was 11.1 percent; for those cases in the range of $25 to $74 million, the median settlement in 2022 was 8.5 percent). Thus, this factor weighs in favor of final approval.

The extent of discovery completed and current stage of litigation weigh in favor of approving the Settlement. The parties here reached Settlement only after a multi-year investigation and

**FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

extensive exchange of informal and formal discovery, including more than 122,600 pages of documents from parties and third parties. The Class Representatives, represented by Class Counsel, had sufficient access to information to make a decision about the merits of the claims subject to the Settlement. This factor weighs in favor of final approval.

The experience and views of Class Counsel weigh in favor of approval of the Settlement. Class Counsel are experienced securities class action litigators who have recommended the Settlement as being fair, reasonable, and adequate. For this reason and those discussed above, this factor weighs in favor of final approval.

There are no government entities involved, so the seventh *Churchill* factor is not relevant.

Finally, the reaction of Class members to the Settlement weighs in favor of its approval. As discussed at length above, the unanimous acceptance of the Settlement by Class members provides perhaps the most compelling argument in favor of final approval. *Arnold v. Fitflop USA, LLC*, No. 11-CV-0973 W(KSC), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (class members' reaction "presents the most compelling argument favoring settlement").

**D.    *Certification of Class for Settlement Purposes***

Rule 23(e) expressly provides that a Class may be "certified for purposes of settlement." Here, each of the prerequisites specified in Rule 23(a) and requirements specified in Rule 23(b)(3) for certification of a Class are present.  The Class is so numerous that joinder is impracticable. There are questions of law or fact common to the Class.  The Class Representative's claims are typical of the claims of the other Class Members.  The Class Representatives and their counsel adequately represent the Class.  The membership of the Class is ascertainable.   Common questions of fact and law predominate over individual issues in this action.  A Class action is the superior method of adjudicating this action.

**FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

The Class is defined as follows:

1.   The members of the Class are (a) each Oregon citizen who was sold a security issued by American Equities in one of the "Funds" in violation of the Oregon Securities Law and is owed money by American Equities, including by one of the "Funds," with respect to the Securities, and is not excluded from the Class below; and (b) each person who is a co-claimant (*e.g.*, a co-owner) with a person described in this paragraph 1(a) and is not excluded from the Class in paragraph 2.

2.   The following persons are excluded from the Class (a) each person who is liable as provided in ORS § 59.115(1) or (3) to any member of the Class, and including each defendant; (b) each person who is an immediate family member of a person described in ¶ 2(a); (c) RSM Revocable Trust, M2M Development Inc. 401k PSP, and Robert MacLellan and Gay MacLellan; and (d) each person who opts out of the Class.

3.   The "Funds" referred to in paragraph 1 are American Eagle Mortgage 100, LLC; American Eagle Mortgage 200, LLC; American Eagle Mortgage 300, LLC; American Eagle Mortgage 400, LLC; American Eagle Mortgage 500, LLC; American Eagle Mortgage 600, LLC; American Eagle Mortgage Mexico 100, LLC; American Eagle Mortgage Mexico 200, LLC; American Eagle Mortgage Mexico 300, LLC; American Eagle Mortgage Mexico 400, LLC; American Eagle Mortgage Mexico 500, LLC; American Eagle Mortgage Mexico 600, LLC; American Eagle Mortgage I, LLC; American Eagle Mortgage II, LLC; and American Eagle Mortgage Short Term, LLC.

The (released) Class claims are any liability or claims, actions, suits, demands, liens, judgments and liability whatsoever, whether known or unknown or discovered or undiscovered, against DWT (including its predecessors, successors and assigns, and its past, present and future officers, directors, members, employees, agents, representatives, attorneys, partners, shareholders,

**FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

principals, associates, senior counsel, insurers, underwriters and claims administrators) arising from

or relating to (i) any claim, cause of action, demand, or allegation asserted or that could have been

asserted by Plaintiffs, or any of them, in connection with the Class Action; (ii) any conduct, actions,

legal services, transactions, or occurrences set forth or that could have been set forth in any

complaint filed by Plaintiffs in the Class Action; or (iii) American Equities, the Receivership Pools

and/or American Equities Securities.  The Class should be certified.

      Larkins Vacura Kayser LLP and Esler, Stephens & Buckley, LLP, have and continue to

fairly and adequately represent plaintiffs and members of the Class.  The court has considered the

work counsel has done in identifying or investigating potential claims in the action; counsel's

experience in handling class actions, other complex litigation, and the types of claims asserted in the

action; counsel's knowledge of the applicable law; and the resources that counsel has and will

commit to representing the class.  Larkins Vacura Kayser LLP and Esler, Stephens & Buckley, LLP

should be appointed as Class counsel.  FED. R. CIV. P. 23(g).

**E.**    *Approval of Distribution Plan*

      The Distribution Plan in the Settlement has a reasonable and rational basis, and compensates

Class members equitably based on the type and extent of their injuries.  Using the Class Members'

account balances in AEM Funds as of May 10, 2019 as a starting point for the distribution has

several benefits. First, using the account balance as of the same date treats each Class Member the

same as every other Class Member. A Distribution Plan that is based on the amounts of principal and

interest owed as of the same date best honors each investor's expectations in terms of what they

invested and the interest income they were promised.  *E.g.*, *U.S. National Bank v. Boge*, 311 Or. 550,

565 (1991) (doctrine of good faith and fair dealing "protects reasonable expectations of the parties to

a contract").  As a practical matter, using account balances as of May 10, 2019 (amounts which have

Page 15      **FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

been confirmed by the Receiver) relieves the significant burden that would otherwise fall on Class

Members to document their investments as a part of the claims process, and could save tens of

thousands of dollars in claims administration expenses.  The Distribution Plan should be approved.

**F.**    ***Award of Attorney Fees and Expenses***

Under Rule 23(h), the court may award fees and costs as part of a class action settlement.

Here, a percentage method for determining an attorney fee award is appropriate and consistent with

Oregon law, which governs the Oregon Securities Law claims at issue in this action. Taking into

account all of the circumstances, Class Counsel's request for attorneys' fees equal to 25 percent of

the total recovery obtained in the Settlement is reasonable, and the requested fee of $919,250 is

reasonable. Class Counsel created a very substantial common fund of $3,677,000 for the Class. The

requested percentage fees are equal to the Ninth Circuit benchmark. There are no special

circumstances that would warrant a downward departure from the requested percentages.

In considering the relevant ORS § 20.075 factors, which are similar to factors commonly

considered in the Ninth Circuit, the court specifically considered the following factors: (i) the time

and labor expended by Class Counsel in this Action support a finding that the requested fee

percentage is reasonable; (ii) the novelty and difficulty of the issues in this action and the skill

required to address these issues also support a finding that the requested fee percentage is

reasonable; (iii) the recoveries obtained in the Settlement, in comparison to Class-wide losses,

further supports the requested fee; (iv) the experience, reputation and abilities of Class Counsel

support the requested fee award –  both Class Counsel firms have extensive experience and expertise

in class action and securities litigation; (v) the contingent nature of Class Counsel's representation

also supports the requested fee award. Class Counsel assumed the entire risk of being compensated

for their attorney time and advanced expenses during this action.

Page 16    **FINDINGS AND RECOMMENDATION TO CERTIFY
SETTLEMENT CLASS, FOR FINAL APPROVAL OF
SETTLEMENT, APPROVE PLAN OF
DISTRIBUTION, AND AWARD ATTORNEY FEES
AND EXPENSES**

(vi) Further, this case consumed a significant percentage of Class Counsel's litigation team's capacity to take other cases.

(vii) The percentage of the total recovery is within the range of customary recoveries for similar legal services by Class Counsel or firms providing similar services in Oregon Securities Law litigation and other complex litigation.

(viii) In addition, a lodestar "cross-check" also supports the reasonableness of the requested fee.  Class Counsel's request for an award of $919, 250 in fees should be granted.

Class Counsel advanced expenses of $58,999.84. These expenses were reasonable in the context of this action and should also be awarded.

Consistent with the court's preliminary approval and the Notice provided to Class members, approximately $100,000 of settlement funds should be paid to the Claims Administrator for the fees and costs of administering the settlement. (ECF 179 at 12.)

## RECOMMENDATION

The court summarizes its Findings and Recommendation from above as follows:

1.  Notice of the Settlement to Class members was reasonable, due, adequate and sufficient and complied in all respects with the requirements of Rule 23, due process and all other applicable law.

2.  The Settlements are fair, reasonable, and adequate.

3.  Certification of the Class for settlement purposes is appropriate under Rule 23 because the Class meets the requirements of Rules 23(a) and 23(b)(3), as follows:

    a.  The Class meets the requirements of Rule 23(a) because: a) the Class is so numerous that joinder is impracticable; b) there are numerous questions of law or fact common to the Class; c) the Class Representatives' claims are typical of those of other Class

**FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

members; and d) the Class Representatives will fairly and adequately represent the

interests of the Class; and

    b.   The Class meets the requirements of Rule 23(b)(3) because: a) questions of law or

fact common to Class members predominate over individual issues; and b) a class

action is the superior method of adjudicating this action.

4.   Larkins Vacura Kayser LLP and Esler, Stephens & Buckley LLP should be appointed Class

Counsel.

5.   An attorney fee award of $919,250 from the common fund is reasonable.

6.   Reimbursement of $55,899.84 in expenses from the common fund is reasonable.

7.   Compensation and reimbursement of the Claims Administrator for fees and costs of

administering the settlement is reasonable.

## CONCLUSION

Based on the foregoing, the court recommends the following:

1.   The Class should be finally certified as a class action for purposes of this Settlement.

2.   The Class Representatives should be appointed as class representatives for the Class.

3.   Larkins Vacura Kayser LLP and Esler, Stephens & Buckley, LLP should be appointed as

Class Counsel.

4.   Class Representatives' Motion for Final Approval of Class Action Settlement (ECF 185), as

supplemented (ECF 200), should be **GRANTED**.

5.   The terms of the Settlement between the Class and DWT (ECF 90-1) should be incorporated

into a final Order and should be **APPROVED**.

6.   The distribution plan in the Settlement should be **APPROVED**.

7.   The District Judge should enter the form of partial judgment of dismissal of DWT that is

Page 18       **FINDINGS AND RECOMMENDATION TO CERTIFY
SETTLEMENT CLASS, FOR FINAL APPROVAL OF
SETTLEMENT, APPROVE PLAN OF
DISTRIBUTION, AND AWARD ATTORNEY FEES
AND EXPENSES**

contemplated by the Settlement (see ECF 89-4).

8. The parties to the Settlement and the Claims Administrator should perform their respective obligations under the Settlement and final Order.

9. Class Counsel's Motion for Award of Attorney Fees and Costs (ECF 190), as supplemented (ECF 198), should be **GRANTED**.

10. Class Counsel should be awarded total attorneys' fees of $919,250 out of the common fund. The Claims Administrator should be **ORDERED** to pay the awarded attorneys' fees from the common fund as provided in the Settlement.

11. Class Counsel should be awarded costs of $55,899.84. The Claims Administrator should be **ORDERED** to pay the awarded costs to Class Counsel from the common fund as provided in the Settlement.

12. The court should reserve continuing and exclusive jurisdiction over the Settlement, including all future proceedings, if any, concerning the administration, consummation, and enforcement of the Settlement.

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

Page 19        **FINDINGS AND RECOMMENDATION TO CERTIFY SETTLEMENT CLASS, FOR FINAL APPROVAL OF SETTLEMENT, APPROVE PLAN OF DISTRIBUTION, AND AWARD ATTORNEY FEES AND EXPENSES**

**Scheduling Order**

The court will refer its Findings and Recommendation to U.S. District Judge Marco A.

Hernández. Objections, if any, are due within seven (7) days. If no objections are filed, the Findings

and Recommendation will go under advisement on that date. If objections are filed, a response is due

within seven (7) days. When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

DATED: April 29, 2024.

_____
/s/ Jeff Armistead
JEFF ARMISTEAD
United States Magistrate Judge

**FINDINGS AND RECOMMENDATION TO CERTIFY
SETTLEMENT CLASS, FOR FINAL APPROVAL OF
SETTLEMENT, APPROVE PLAN OF
DISTRIBUTION, AND AWARD ATTORNEY FEES
AND EXPENSES**