UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| DIANE ANDERSON, *trustee of the Diane L. Anderson Revocable Trust*, BONNIE BUCKLEY, *trustee of the Bonnie K. Buckley IRA*, CARL and KIRBY DYESS, *trustees of the Dyess Family Trust*, PETER KOUBECK, *an individual and trustee of Peter L. Koubeck IRA*, MICHAEL PETERSON, *trustee of the Michael T. Peterson IRA*, ED WILSON, *an individual*,<br><br>    Plaintiffs,<br><br>v.<br><br>DAVIS WRIGHT TREMAINE LLP, *a Washington limited liability partnership*, ROSS MILES, *an individual*, MAUREEN WILE, *an individual*, PACIFIC PREMIER BANK, *a California chartered bank*, RIVERVIEW COMMUNITY BANK, *a Washington chartered bank*,<br><br>    Defendants. | Case No. 3:20-cv-01194-AR<br><br>**FINDINGS AND RECOMMENDATION ON CLAIMS BAR ORDER** |

Page 1 – FINDINGS AND RECOMMENDATION ON CLAIMS BAR ORDER

**ARMISTEAD, Magistrate Judge**

Before the court is plaintiffs' Joint Motion for Entry of a Claims Bar Order (ECF No. 193), filed in conjunction with their Motion for Final Approval of a Partial Class Action Settlement with defendant Davis Wright Tremaine LLP (ECF No. 185), and Class Counsel's Motion for an Award of Attorney Fees and Costs (ECF No. 190). The Motion for Final Approval and Motion for Attorney Fees are unopposed, and the court has addressed them in a separate Findings and Recommendation. The Joint Motion for Entry of a Claims Bar Order seeks to enjoin potential future contribution claims by other defendants against DWT. Non-settling defendants Pacific Premier Bank and Riverview Community Bank (collectively, the Banks) partially oppose entry of a contribution claims bar; that is, they oppose the method for calculating how the partial settlement with DWT should be credited against any future judgment that may be entered against them (the contribution credit). The court writes this Findings and Recommendation separately to address those objections.

In a September 2023 Findings and Recommendation (September F&R) granting Preliminary Approval of a Partial Class Action Settlement, the court determined that a dollar-for-dollar (*pro tanto*) method for calculating the contribution credit is appropriate. (ECF No. 113.) District Judge Marco A. Hernández adopted that rationale in his Order. (ECF Nos. 172, 177.) The Banks now argue that the court's prior ruling was premised on an incomplete record and that the court should apply a proportionate liability method to calculate the contribution credit. As discussed below, the court declines to exercise its discretion to revisit its previous determination, and plaintiffs' motion for entry of the claims bar order should be GRANTED.

BACKGROUND

DWT reached a tentative settlement with plaintiffs after a mediation involving all parties in December 2021. (ECF No. 89 at 5-6.) Plaintiffs moved for preliminary approval of the partial settlement with DWT on October 7, 2022, nearly 10 months later. (ECF No 89.) The Banks opposed preliminary approval of the settlement on the grounds that the partial settlement was unfair because, in its view, DWT played a more direct and significant role in the securities sales than did the Banks. The Banks also contended that the court lacked personal jurisdiction over them, the contribution claims bar order (Bar Order) failed to provide for any judgment reduction credit, and the Bar Order was prejudicial to them because it did not apportion liability among all the defendants. (ECF Nos. 97, 98.)

On May 8, 2023, the court sent an email to the parties before a status conference inquiring about the basis for the Banks' opposition to preliminary approval, aside from the contribution claims bar. (Reply Ex. A, ECF No. 197-1.) The court noted that, due to the delay in resolving the motion for preliminary approval of the partial settlement, the court wanted to "resolve any anticipated grounds in conjunction with the contribution claims bar issues." (*Id.*) At the May 16 status conference, the court indicated that it would decide the methodology (*pro tanto* or proportionate liability) for calculating the contribution credit. In the September F&R preliminarily approving the partial settlement with DWT, the court rejected the Banks' arguments. Specifically concerning the Claims Bar Order, the court concluded that when the Claims Bar Order is viewed in conjunction with the proposed settlement, it provided for a reduction of subsequent claims to the non-settling defendants on a dollar-for-dollar basis, and consequently was not facially prejudicial. (September F&R at 13-14.) The court then examined

Page 3 – FINDINGS AND RECOMMENDATION ON CLAIMS BAR ORDER

the reasonableness of the dollar-for-dollar method proposed by plaintiffs versus the proportional liability method advocated by the Banks. (*Id.* at 14-17.) Relying on the analysis in *Ciuffitelli v. Deloitte & Touche, LLP*, Case No. 3:16-cv-00580-AC, 2019 WL 1441634, *7-10 (D. Or. Mar. 19, 2019), *adopted* 2019 WL 2288432 (D. Or. May 29, 2019), the court concluded that the dollar-for-dollar contribution credit "provides the greatest likely recovery for the class in the circumstances here and promotes the purpose of ORS § 59.115 to 'afford the greatest possible protection to the public.'" (September F&R at 17 (quoting *Adams v. Am. W. Secs., Inc.*, 265 Or. 514, 524 (1973).) The September F&R was referred to Judge Hernández.

In their objections to the F&R, the Banks recognized that under Oregon Securities Law, both the *pro tanto* and proportionate liability methods of crediting a partial settlement are available, and that the courts must utilize the method that is supported by the unique facts and circumstances present in each case to reach a result that is fair, reasonable, and adequate. (Def. Pacific Premier Obj. at 29, ECF No. 122). The Banks nevertheless argued that using the *pro tanto* offset is unfair in this case because, in its view, DWT was more directly involved in the securities sales than the Banks. According to the Banks, the Settlement and the dollar-for-dollar contribution credit in the Bar Order "skewed assignment of the liability" and contended that any future judgments should apportion liability to ensure that DWT pays a proportionate share of its liability. (*Id.* at 30-31.) Judge Hernández rejected the Banks' objections and adopted the September F&R in full on December 14, 2023. (ECF No. 172.) A final fairness hearing was set for April 4, 2024.

DWT argues that this court has determined that the dollar-for-dollar method for calculating the contribution credit is appropriate, Judge Hernández adopted that rationale, and the

court should apply the law of the case doctrine to decline to reconsider its earlier ruling. In their response, the Banks argue that the court erred in concluding that the *pro tanto* method was fair, reasonable, and adequate under the circumstances, and that the court should have conducted a "full fairness hearing" because there is no evidence of DWT's financial condition.

## DISCUSSION

The law of the case is a discretionary doctrine that "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case" provided that the issue was "decided explicitly or by necessary implication in the previous disposition." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). This doctrine aims to promote the efficient operation of courts. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990). "While courts are generally urged to adhere to this doctrine, it is not an inexorable command." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (quotation marks omitted). "That is, the doctrine is discretionary, not mandatory and is in no way a limit on a court's power." *Id.* (simplified); *see also* FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The court applies law of the case here and declines to exercise its discretion to revisit its prior ruling for several reasons.

First, the Banks were on notice that the court would resolve the issue of the proper method of calculating the contribution credit in the September F&R. As argued in plaintiffs'

Page 5 – FINDINGS AND RECOMMENDATION ON CLAIMS BAR ORDER

Reply, the court communicated to the Banks in an email its desire to resolve the issues concerning the contribution claims bar at the preliminary approval stage. (Reply Ex. A.) At a May 16 status conference, the court informed the parties that it would resolve which method to use, dollar-for-dollar or proportionate liability, in its F&R on preliminary approval. Then, in the September F&R, the court stated: "the parties have agreed that the court's resolution of the contribution claims bar issue will streamline the final approval process because settlement is conditioned upon its entry." (September F&R at 12.) Therefore, at the time the court issued the F&R, the Banks were on notice that the court's ruling was definitive as to the method that would be used in the contribution claims bar order.

Second, in their objections to the September F&R, the Banks advanced the same arguments concerning the contribution claims bar to Judge Hernández that they did in their briefing to this court. (*Compare* Pacific Premier Objs. at 29-31 *with* Pacific Premier Opp'n to Prelim. Approval, ECF No. 97 at 13-15.) The Banks did not object to the September F&R on the basis that it failed to hold a fairness hearing and they did *not* request that Judge Hernández hold one.

Third, the Banks' reliance on *Fluck v. Blevins* for the proposition that the court was required to conduct a full fairness hearing that evaluates whether the settling defendant is "paying a fair portion of the total obligation" is misplaced.[1] In *Fluck*, Magistrate Judge Donald

---

[1] The Banks also suggest that unlike the law firm at issue in *Ciuffitelli*, DWT has failed to show that it has a limited ability to pay a judgment in this case and points out that the settlement agreement prohibits plaintiffs from contending that DWT is insolvent or is unable to pay. (Pacific Premier Opp'n at 12, ECF No. 195.) The court makes two observations: (1) the total amount of investor losses in *Ciuffitelli* exceeded $450 million, far more than the $25.3 million lost here; and (2) a proposed settlement between Pacific Premier and the Receiver in related

Ashmanskas examined the *pro tanto* and the proportionate liability methods of calculating contribution claim bars in partial class action settlements. 969 F. Supp. 1231, 1234 (D. Or. 1997). He observed that "[e]ach of the two leading methods has its advantages and disadvantages," and that the only way to preserve the rights of the non-settling defendants, to avoid collusion, and avoid overcompensating plaintiffs under the *pro tanto* method is to conduct a "fairness hearing":

> The court must determine whether the settling defendants are paying a fair portion of the total obligation. This in turn requires the court to estimate the total amount of damages and attorney fees that are likely to be awarded, the likelihood that the plaintiff will prevail against each defendant, and each defendant's ability to pay a judgment.

*Id.* Continuing, Judge Ashmanskas observed that:

> Of course, such a hearing is not feasible until discovery has been complete, and may require a mini-trial on the merits, in order to decide whether to approve a settlement that is designed to avoid a trial on the merits. **The waste of judicial resources is manifest.**

*Id.* (emphasis added). Judge Ashmanskas went on to discuss the benefits and detriments of the proportionate liability method and ultimately concluded "there are serious problems with both the *pro tanto* and the proportionate liability methods of crediting partial settlements." *Id.* at 1236. Thus, *Fluck* does not require this court to conduct the type of hearing the Banks now – belatedly – seek.

Fourth, as the Banks acknowledge, both the *pro tanto* and proportionate liability methods for crediting partial settlements are available. The court has determined that under the facts and

---

litigation includes similar language that prevents the Receiver from contending that Pacific Premier is insolvent or unable to pay. (ECF No. 155-3 at 4-5.) For these additional reasons, the Banks' arguments are unpersuasive.

Page 7 – FINDINGS AND RECOMMENDATION ON CLAIMS BAR ORDER

circumstances here, the *pro tanto* offset provides for the greatest opportunity for recovery for the plaintiffs. This determination is further supported by the lack of objections filed to this settlement.

Accordingly, the court declines to exercise its discretion to revisit its September F&R and concludes that plaintiffs' Joint Motion for Entry of the Contribution Claims Bar should be GRANTED.

## CONCLUSION

For the above reasons, plaintiffs' Joint Motion for Entry of Claims Bar Order (ECF No. 193) should be GRANTED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to District Judge Marco A. Hernández. Objections, if any, are due within 7 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within 7 days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED: April 29, 2024.

_/s/ Jeff Armistead_  
JEFF ARMISTEAD  
United States Magistrate Judge