SUPERIOR COURT OF WASHINGTON FOR CLARK COUNTY

| | |
|---|---|
| In re:<br><br>AMERICAN EAGLE MORTGAGE 100, LLC; AMERICAN EAGLE MORTGAGE 200, LLC; AMERICAN EAGLE MORTGAGE 300, LLC; AMERICAN EAGLE MORTGAGE 400, LLC; AMERICAN EAGLE MORTGAGE 500, LLC; AMERICAN EAGLE MORTGAGE 600, LLC; AMERICAN EAGLE MORTGAGE MEXICO 100, LLC; AMERICAN EAGLE MORTGAGE MEXICO 200, LLC; AMERICAN EAGLE MORTGAGE MEXICO 300, LLC; AMERICAN EAGLE MORTGAGE MEXICO 400, LLC; AMERICAN EAGLE MORTGAGE MEXICO 500, LLC; AMERICAN EAGLE MORTGAGE MEXICO 600, LLC; AMERICAN EAGLE MORTGAGE I, LLC; AMERICAN EAGLE MORTGAGE II, LLC; and AMERICAN EAGLE MORTGAGE SHORT TERM, LLC. | Case No. 19-2-01458-06<br><br>EX PARTE ORDER APPROVING RECEIVER'S PROPOSED SETTLEMENT WITH ANDERSON PLAINTIFFS AND BEATTIE PLAINTIFFS RELATING TO RECEIVER'S COURT-APPROVED SETTLEMENTS WITH PACIFIC PREMIER BANK AND RIVERVIEW BANK |

THIS MATTER having come before the Court on the Ex Parte Motion to Approve Receiver's Proposed Settlement with Anderson Plaintiffs and Beattie Plaintiffs Relating to Receiver's Court-Approved Settlements with Pacific Premier Bank and Riverview Bank (the "Motion") filed by Clyde A. Hamstreet & Associates, LLC, the duly appointed general receiver herein (the "Receiver"); the Court having considered the Motion, the Declaration of John R. Knapp, Jr., and the files and records herein; the Court finding that the Receiver has satisfied the

EX PARTE ORDER APPROVING RECEIVER'S PROPOSED
SETTLEMENT WITH ANDERSON PLAINTIFFS . . . - 1

4862-5113-2359.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

Ex. 1 to Stipulated Motion and Order
Dismissing Claims Against Pacific Premier and Riverview
Page 1 of 19

requirements for entry of an *ex parte* order pursuant to the Order Establishing Procedures for Seeking Approval of Proposed Settlements dated March 5, 2021.

NOW, THEREFORE, it is HEREBY ORDERED that the Settlement Agreement (as defined in the Motion) shall be and hereby is approved.

DATED this 21st day of June, 2024.

_____
JUDGE DAVID E. GREGERSON

Presented by:

MILLER NASH LLP

_____
John R. Knapp, Jr., WSBA No. 29343

Attorneys for Receiver
Clyde A. Hamstreet & Associates, LLC

EX PARTE ORDER APPROVING RECEIVER'S PROPOSED
SETTLEMENT WITH ANDERSON PLAINTIFFS . . . - 2

4862-5113-2359.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

Ex. 1 to Stipulated Motion and Order
Dismissing Claims Against Pacific Premier and Riverview
Page 2 of 19

EXECUTION VERSION

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement"), dated for purposes of reference as of May 24, 2024, is made by and among (1) Clyde A. Hamstreet & Associates, LLC (the "Receiver"), in its capacity as general receiver in Case No. 19-2-01458-06 in the Superior Court of Washington for Clark County (the "Court"), styled *In re: American Eagle Mortgage 100, LLC, et al.* (the "Receivership Proceeding"); (2) Pacific Premier Bank ("Pacific Premier"); (3) Riverview Bank ("Riverview"); (4) Diane Anderson, trustee of the Diane L. Anderson Revocable Trust; Bonnie Buckley, trustee of the Bonnie K. Buckley IRA; Carl and Kirby Dyess, trustees of the Dyess Family Trust; Peter Koubeck, an individual and trustee of Peter L. Koubeck IRA; Michael Peterson, trustee of the Michael T. Peterson IRA; and Ed Wilson, an individual (collectively, the "Anderson Plaintiffs"); and (5) Sherry Beattie; Barbara Fite; Belinda Franke; Dean Franke; Robert Kalmbach; Patricia Witt; RSM Revocable Trust, Robert and Gay MacLellan, as trustees; and M2M Development Inc. 401k PSP (collectively, the "Beattie Plaintiffs"). The Receiver, Pacific Premier, Riverview, the Anderson Plaintiffs, and the Beattie Plaintiffs are collectively referred to in this Agreement as the "Parties" and individually as a "Party."

WHEREAS, the Receiver has been appointed in the Receivership Proceeding to act as general receiver pursuant to RCW 7.60 *et seq.* for 15 Washington limited liability companies (collectively, the "Assignors") under the Order Appointing General Receiver dated May 10, 2019 (as amended to date, the "Receivership Order"); and

WHEREAS, the Receiver filed an adjunct lawsuit in the Court, assigned Case No. 20-2-00507-06 (the "Adjunct Litigation"), eventually naming Pacific Premier and Riverview as defendants; and

WHEREAS, the Anderson Plaintiffs filed a putative class action against Pacific Premier and Riverview, among others, entitled *Diane Anderson et al. v. Davis Wright Tremaine LP et al.*, which is now pending in the United States District Court for the District of Oregon (the "District Court") as Case No. 3:20-cv-01194-AR (the "Anderson Litigation"); and

WHEREAS, the Beattie Plaintiffs filed a lawsuit against Pacific Premier and Riverview, among others, entitled *Sherrie Beattie, et al. v. Davis Wright Tremaine LLP, et al.*, which is pending in the Circuit Court of the State of Oregon for Multnomah County (the "Multnomah County Court") as Case No. 20CV09419 (the "Beattie Litigation"); and

WHEREAS, the Receiver entered into settlement agreements with Pacific Premier and Riverview regarding the Adjunct Litigation, and on August 31, 2023, the Court entered the Order Approving Settlements with Pacific Premier Bank and Riverview Bank, Entering Claims Bars, and Granting Related Relief (the "Bank Settlement Order"), which the Anderson Plaintiffs had opposed because, among other things, they assert it effectively settled the Anderson Litigation and Beattie Litigation against Pacific Premier and Riverview by use of claims bar and deemed claims assignment provisions; and

WHEREAS, on September 22, 2023, the Court entered the Order Denying Motion for Reconsideration of Court's Order Approving Settlements, Entering Claims Bar, and Granting Related Relief (the "Reconsideration Order"); and

SETTLEMENT AGREEMENT – Page **1** of **10**

WHEREAS, on September 25, 2023, the Beattie Plaintiffs obtained an order of the Multnomah County Court that abated the Beattie Litigation for six months; and

WHEREAS, on September 28, 2023, the Anderson Plaintiffs filed and served their Notice of Appeal of the Bank Settlement Order and the Reconsideration Order, commencing Appeal No. 58822-6-II (the "Settlement Appeal") in Division Two of the Washington State Court of Appeals (the "Court of Appeals"); and

WHEREAS, on December 4, 2023, the Court entered the Interim Order on Receiver's Motion for Contempt Against the Anderson Plaintiffs; and

WHEREAS, on January 9, 2024, the Anderson Plaintiffs sought a stay of the Anderson Litigation as against Pacific Premier and Riverview, which was granted by the District Court on January 11, 2024; and

WHEREAS, on March 7, 2024, the Court entered the (1) Final Order on Receiver's Motion for Contempt Against the Anderson Plaintiffs (the "Final Contempt Order"); (2) Judgment in Favor of Receiver and Against the Anderson Plaintiffs (the "Receiver's Judgment"); and (3) Judgment in Favor of Pacific Premier Bank and Against the Anderson Plaintiffs (the "Bank's Judgment"); and

WHEREAS, on April 3, 2024, the Receiver filed a Registration of a Foreign Judgment and Money Award against the Anderson Plaintiffs in the Circuit Court of the State of Oregon for the County of Washington (the "Washington County Court"), commencing Case No. 24CV15391 (the "Receiver's Oregon Judgment"); and

WHEREAS, on April 5, 2024, Pacific Premier filed a Registration of Foreign Judgment and Money Award against the Anderson Plaintiffs in the Washington County Court, commencing Case No. 24CV15868 (the "Bank's Oregon Judgment"); and

WHEREAS, on April 5, 2024, the Anderson Plaintiffs filed and served their Notice of Appeal to Court of Appeals regarding the Final Contempt Order, the Receiver's Judgment, and the Bank's Judgment, commencing Appeal No. 595095-II (the "Contempt Appeal") in the Court of Appeals; and

WHEREAS, the Bank Settlement Order, the Reconsideration Order, the Final Contempt Order, the Receiver's Judgment, the Bank's Judgment, the Receiver's Oregon Judgment, and the Bank's Oregon Judgment remain unstayed; and

WHEREAS, the Parties, recognizing the uncertainties, expenses, delays, and risks of litigation, now wish to fully and finally resolve the Anderson Litigation, the Beattie Litigation, the Settlement Appeal, the Contempt Appeal, the Final Contempt Order, the Receiver's Judgment, the Bank's Judgment, the Receiver's Oregon Judgment, and the Bank's Oregon Judgment and all other known or unknown claims, disputes, and differences between the Receiver, Pacific Premier, and Riverview, on the one hand, and the Anderson Plaintiffs and the Beattie Plaintiffs, on the other, subject to approval of the Court in the Receivership Proceeding and obtaining appropriate

SETTLEMENT AGREEMENT – Page **2** of **10**

4866-0319-2759.3
Ex. 1 to Stipulated Motion and Order
Dismissing Claims Against Pacific Premier and Riverview
Page 4 of 19

dismissal orders in the Anderson Litigation, the Beattie Litigation, the Settlement Appeal, and the Contempt Appeal; and

WHEREAS, the Parties recognize and acknowledge that this Agreement will require notice and approval of the Court in the Receivership Proceeding pursuant to the Order Establishing Procedures for Seeking Approval of Proposed Settlements dated March 5, 2021, and further require obtaining appropriate dismissal orders in the Anderson Litigation, the Beattie Litigation, the Settlement Appeal, and the Contempt Appeal; and

WHEREAS, except as expressly set forth below, this Agreement is intended to be a full and final settlement of all claims or potential claims, known or unknown, between the Receiver, Pacific Premier, and Riverview, on the one hand, and the Anderson Plaintiffs and the Beattie Plaintiffs, on the other, up through and including the Effective Date (as defined below);

NOW, THEREFORE, in exchange for the releases, covenants, and other consideration contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Mutual General Releases</u>.  Except for the rights and obligations of the Parties under this Agreement:

a. Effective on the Effective Date, the Receiver, on its own behalf and on behalf of each of the Assignors and the Estate (as defined in the Receivership Order), hereby unconditionally and irrevocably settles, releases, covenants not to sue, and forever discharges the Anderson Plaintiffs, along with any and all of the Anderson Plaintiffs' present and former trustees, beneficiaries, transferees, employees, attorneys, and other agents (collectively, the "Anderson Released Parties"), and the Beattie Plaintiffs, along with any and all of the Beattie Plaintiffs' present and former trustees, beneficiaries, transferees, employees, attorneys, and other agents (collectively, the "Beattie Released Parties"), of and from any and all demands, claims, actions, causes of action, and suits, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, arising at law or in equity, by right of action or otherwise, that the Receiver, the Assignors, or the Estate have or may have against the Anderson Released Parties and the Beattie Released Parties, or any of them, that are based upon, arise from, or relate to the nucleus of operative facts underlying the Final Contempt Order, the Receiver's Judgment, and the Receiver's Oregon Judgment, up to and including the Effective Date.

b. Effective on the Effective Date, Pacific Premier hereby unconditionally and irrevocably settles, releases, covenants not to sue, and forever discharges the Anderson Released Parties and the Beattie Released Parties of and from any and all demands, claims, actions, causes of action, and suits, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, arising at law or in equity, by right of action or otherwise, that Pacific Premier has or may have against the Anderson Released Parties and the Beattie Released Parties, or any of them, that are based upon, arise from, or relate to the nucleus of operative facts underlying the Final Contempt Order, the Bank's Judgment, and the Bank's Oregon Judgment, up to and including the Effective Date.

SETTLEMENT AGREEMENT – Page **3** of **10**

4866-0319-2759.3
Ex. 1 to Stipulated Motion and Order
Dismissing Claims Against Pacific Premier and Riverview
Page 5 of 19

c.  Effective on the Effective Date, Riverview hereby unconditionally and irrevocably settles, releases, covenants not to sue, and forever discharges the Anderson Released Parties and the Beattie Released Parties of and from any and all demands, claims, actions, causes of action, and suits, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, arising at law or in equity, by right of action or otherwise, that Riverview has or may have against the Anderson Released Parties and the Beattie Released Parties, or any of them, that are based upon, arise from, or relate to the nucleus of operative facts underlying the Final Contempt Order, up to and including the Effective Date.

d.  Effective on the Effective Date, the Anderson Plaintiffs hereby unconditionally and irrevocably settle, release, covenant not to sue, and forever discharge the Receiver, the Assignors, and the Estate, Pacific Premier, and Riverview, along with any and all of the Receiver's, Pacific Premier's, and Riverview's present and former shareholders, officers, directors, members, managers, employees, insurers, attorneys, and other agents (collectively, the "Receiver and Bank Released Parties"), of and from any and all demands, claims, actions, causes of action, and suits, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, arising at law or in equity, by right of action or otherwise, that the Anderson Plaintiffs have or may have against the Receiver and Bank Released Parties, or any of them, that have arisen or could arise out of events, acts, or omissions occurring at any time up to and including the Effective Date; provided, however, that the Anderson Plaintiffs shall retain their claims against the Estate as allowed under the Court's August 31, 2023 Order (1) Maintaining and Restoring MIMO Claims of Certain Investors and Allowing Book Value Claims, (2) Authorizing Third Interim Distribution on Allowed Investor Claims, and (3) Authorizing Additional Interim Distributions from Time to Time (the "Distribution Order") (collectively, the "Anderson Retained Claims").

e.  Effective on the Effective Date, the Beattie Plaintiffs hereby unconditionally and irrevocably settle, release, covenant not to sue, and forever discharge the Receiver and Bank Released Parties of and from any and all demands, claims, actions, causes of action, and suits, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, arising at law or in equity, by right of action or otherwise, that the Beattie Plaintiffs have or may have against the Receiver and Bank Released Parties, or any of them, that have arisen or could arise out of events, acts, or omissions occurring at any time up to and including the Effective Date; provided, however, that the Beattie Plaintiffs shall retain their claims against the Estate as allowed under the Distribution Order (collectively, the "Beattie Retained Claims").

2.  <u>Unknown Claims</u>.  The Parties acknowledge that they may later discover facts different from or in addition to those now known or believed to be true, and they agree that this Agreement and the mutual releases contained in paragraph 1 above will remain in full force and effect notwithstanding the discovery of any such different or unknown facts. The Parties specifically intend to release any and all claims not now known or suspected to exist in their favor as of the Effective Date, which if known might have affected their decision to enter into this Agreement.

3.  <u>Agreement Contingent Upon Court Approvals</u>.  This Agreement will not be binding on or enforceable by or against the Parties unless and until the court approvals in subparagraphs (a)-(d) are obtained:

SETTLEMENT AGREEMENT – Page **4** of **10**

4866-0319-2759.3
Ex. 1 to Stipulated Motion and Order
Dismissing Claims Against Pacific Premier and Riverview
Page 6 of 19

  a. First, in the Receivership Proceeding, the Receiver will seek an order approving this Agreement that is reasonably acceptable to all Parties (the "Receivership Approval Order"). The Parties agree to take all reasonable steps necessary to comply with any notice requirements in the Receivership Proceeding and to obtain entry of the Receivership Approval Order as soon as reasonably practicable following execution of this Agreement.

  b. Within five (5) business days after entry of the Receivership Approval Order, the Anderson Plaintiffs, Pacific Premier, and Riverview will jointly seek an order from the District Court approving a stipulated dismissal of the Anderson Plaintiffs' claims against Pacific Premier and Riverview with prejudice and without an award of costs or fees to any Party (the "District Court Dismissal Order"). Contemporaneous with the filing of a stipulated dismissal, and on the condition that the District Court approves the stipulated dismissal, Pacific Premier and Riverview will formally withdraw their objections to the Anderson Plaintiffs' settlement with Davis Wright Tremaine LLP and entry of a contribution claims bar order in the Anderson Litigation.

  c. Within five (5) business days after entry of the Receivership Approval Order, the Beattie Plaintiffs, Pacific Premier, and Riverview will jointly seek an order from the Multnomah County Court approving a stipulated dismissal of the Beattie Plaintiffs' claims against Pacific Premier and Riverview with prejudice and without an award of costs or fees to any Party (the "Multnomah County Dismissal Order").

  d. Within five (5) business days after entry of the District Court Dismissal Order, the Anderson Plaintiffs will file motions with the Court of Appeals for orders to dismiss the Settlement Appeal and the Contempt Appeal with prejudice and without an award of costs or fees to any Party (the "Appeal Dismissal Orders" and, together with the Receivership Approval Order, the District Court Dismissal Order, and the Multnomah County Dismissal Order, the "Settlement Orders"). The Parties further agree to take all other reasonable steps that may become reasonably necessary to obtain a dismissal of the Settlement Appeal and the Contempt Appeal with prejudice and without an award of costs or fees to any Party. While approval of this Agreement is pending, the Parties agree to cooperate in obtaining reasonable extensions of or a stay of any pending deadlines in the Settlement Appeal and the Contempt Appeal.

  e. The date on which the last of the Settlement Orders from subparagraph 3(a)-(d) is entered, final, and not subject to further reconsideration or review, will be referred to herein as the "Effective Date." In the event that the Court, District Court, Multnomah County Court, or Court of Appeals enters an order disapproving this Agreement or denying dismissal of Anderson Plaintiffs' or Beattie Plaintiffs' claims against Pacific Premier or Riverview, the Settlement Appeal, or the Contempt Appeal, this Agreement will be deemed null and void in its entirety.

  4. <u>The Retained Claims</u>. Nothing contained in this Agreement affects the rights of the Anderson Plaintiffs, of the Beattie Plaintiffs, or of their respective assignees, with regard to the Anderson Retained Claims or the Beattie Retained Claims against the Estate, nor does anything contained in this Agreement deal with the treatment of the Anderson Retained Claims or the Beattie Retained Claims in the Receivership Proceeding. The allowance and treatment of the Anderson Retained Claims and the Beattie Retained Claims in the Receivership Proceeding are governed by the Distribution Order.

SETTLEMENT AGREEMENT – Page **5** of **10**

4866-0319-2759.3
Ex. 1 to Stipulated Motion and Order
Dismissing Claims Against Pacific Premier and Riverview
Page 7 of 19

EXECUTION VERSION

5.  <u>Satisfaction of Judgments</u>.  Within five (5) business days after the Effective Date, (a) the Receiver will file notices of full satisfaction of the Receiver's Judgment with the Court and of the Receiver's Oregon Judgment with the Washington County Court, and (b) Pacific Premier will file notices of full satisfaction of the Bank's Judgment with the Court and of the Bank's Oregon Judgment with the Washington County Court. While approval of this Agreement is pending, the Receiver and Pacific Premier will not take any collection activities on the Receiver's Judgment, the Bank's Judgment, the Receiver's Oregon Judgment, or the Bank's Oregon Judgment.

6.  <u>No Admission of Liability</u>.  This Agreement sets forth a compromise of disputed claims, and nothing herein shall be construed as or deemed to be an admission of liability, fault, or other responsibility on the part of Pacific Premier, Riverview, the Receiver, the Anderson Plaintiffs, or the Beattie Plaintiffs, each of whom expressly and strenuously denies any liability or fault in connection with all matters relating to the Settlement Appeal and the Contempt Appeal or covered by the mutual releases contained in paragraph 1 of this Agreement.

7.  <u>Payment of Applicable Taxes</u>.  This Agreement is enforceable regardless of its tax consequences and the Parties make no representations regarding this Agreement's tax consequences. Each Party acknowledges and agrees that such Party is solely and individually responsible for any and all federal, state, and local taxes that such Party may owe by virtue of the receipt of any portion of the consideration provided under this Agreement.

8.  <u>Construction</u>.  This Agreement is the product of joint draftsmanship of the Parties and shall be interpreted in a neutral manner.

9.  <u>Choice of Law</u>.  Except for those matters requiring the action of Oregon state and federal courts, this Agreement is subject to and will be interpreted and applied according to the laws of the State of Washington, without regard to choice of law rules.

10. <u>Jurisdiction and Venue</u>.  The Court in the Receivership Proceeding shall have exclusive jurisdiction to resolve any disputes regarding this Agreement. The Parties waive any right to assert that venue in the Court is an inconvenient forum.

11. <u>Entire Agreement</u>.  This Agreement contains the entire agreement among the Parties, and its terms are contractual and not merely recital. The terms of this written Agreement supersede any prior oral or written agreements between the Parties on the same subject matter and may not be changed except by a writing signed by all Parties.

12. <u>Attorney Fees</u>.  Each Party will bear its, his, or her own costs and attorney fees in connection with the Settlement Appeal, the Contempt Appeal, the Final Contempt Order, the Receiver's Judgment, the Bank's Judgment, the Receiver's Oregon Judgment, the Bank's Oregon Judgment, and the negotiation and implementation of this Agreement. In the event that a Party brings an action or counterclaim to enforce rights under this Agreement, or to seek a declaration of rights or obligations under this Agreement, or asserts this Agreement as an affirmative defense to any claim brought by another Party, the prevailing Party in such action shall be awarded such

SETTLEMENT AGREEMENT – Page **6** of **10**

4866-0319-2759.3
Ex. 1 to Stipulated Motion and Order
Dismissing Claims Against Pacific Premier and Riverview
Page 8 of 19

Party's reasonable attorney fees and costs, in the trial court, in all appeals therefrom, and in any bankruptcy case.

13.  **Counterparts**.  This Agreement may be executed by the Parties in counterparts and each such counterpart may be delivered by a Party to the other Parties via electronic means with the same validity and effect as if a single execution version of this Agreement were executed and delivered by the Parties.

14.  **Representations and Warranties**.  Each Party represents and warrants to the other Parties that such Party (a) fully understands the terms of this Agreement and voluntarily agrees to the release of claims expressed in this Agreement and to all the other terms of this Agreement, (b) has had ample and reasonable time to consult counsel of such Party's own choosing concerning this Agreement and to address any concerns with its terms, (c) has full authority to enter into and execute this Agreement, and (d) has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claim encompassed by the mutual release contained in paragraph 1 of this Agreement.

15.  **Successors and Assigns**.  This Agreement binds and inures to the benefit of the Parties and each of their respective successors and assigns.

16.  **Severability of Provisions**.  The invalidity or unenforceability of any provision of this Agreement will not affect or impair any other provisions, which shall remain in full force and effect.

DATED: May 24, 2024        Clyde A. Hamstreet & Associates, LLC, in its
                           capacity as general receiver of the Assignors

                           By: _____
                               Clyde A. Hamstreet, Managing Member

DATED: May __, 2024        Pacific Premier Bank

                           By: _____
                           Name: _____
                           Title: _____

DATED: May __, 2024        Riverview Bank

                           By: _____
                           Name: _____
                           Title: _____

SETTLEMENT AGREEMENT – Page **7** of **10**

EXECUTION VERSION

Party's reasonable attorney fees and costs, in the trial court, in all appeals therefrom, and in any bankruptcy case.

   13. <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts and each such counterpart may be delivered by a Party to the other Parties via electronic means with the same validity and effect as if a single execution version of this Agreement were executed and delivered by the Parties.

   14. <u>Representations and Warranties</u>. Each Party represents and warrants to the other Parties that such Party (a) fully understands the terms of this Agreement and voluntarily agrees to the release of claims expressed in this Agreement and to all the other terms of this Agreement, (b) has had ample and reasonable time to consult counsel of such Party's own choosing concerning this Agreement and to address any concerns with its terms, (c) has full authority to enter into and execute this Agreement, and (d) has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claim encompassed by the mutual release contained in paragraph 1 of this Agreement.

   15. <u>Successors and Assigns</u>. This Agreement binds and inures to the benefit of the Parties and each of their respective successors and assigns.

   16. <u>Severability of Provisions</u>. The invalidity or unenforceability of any provision of this Agreement will not affect or impair any other provisions, which shall remain in full force and effect.

DATED: May __, 2024   Clyde A. Hamstreet & Associates, LLC, in its capacity as general receiver of the Assignors

By: _____
Clyde A. Hamstreet, Managing Member

DATED: May 29, 2024   Pacific Premier Bank

By: _[signature]_
Name: _Steven Arnold_
Title: _SEVP / General Counsel_

DATED: May __, 2024   Riverview Bank

By: _____
Name: _____
Title: _____

SETTLEMENT AGREEMENT – Page 7 of **10**

Party's reasonable attorney fees and costs, in the trial court, in all appeals therefrom, and in any bankruptcy case.

13. <u>Counterparts</u>. This Agreement may be executed by the Parties in counterparts and each such counterpart may be delivered by a Party to the other Parties via electronic means with the same validity and effect as if a single execution version of this Agreement were executed and delivered by the Parties.

14. <u>Representations and Warranties</u>. Each Party represents and warrants to the other Parties that such Party (a) fully understands the terms of this Agreement and voluntarily agrees to the release of claims expressed in this Agreement and to all the other terms of this Agreement, (b) has had ample and reasonable time to consult counsel of such Party's own choosing concerning this Agreement and to address any concerns with its terms, (c) has full authority to enter into and execute this Agreement, and (d) has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any claim encompassed by the mutual release contained in paragraph 1 of this Agreement.

15. <u>Successors and Assigns</u>. This Agreement binds and inures to the benefit of the Parties and each of their respective successors and assigns.

16. <u>Severability of Provisions</u>. The invalidity or unenforceability of any provision of this Agreement will not affect or impair any other provisions, which shall remain in full force and effect.

DATED: May __, 2024        Clyde A. Hamstreet & Associates, LLC, in its
                            capacity as general receiver of the Assignors

                            By: _____
                            Clyde A. Hamstreet, Managing Member

DATED: May __, 2024        Pacific Premier Bank

                            By: _____
                            Name: _____
                            Title: _____

DATED: ~~May~~ June 3, 2024    Riverview Bank

                            By: _____
                            Name: Dan Cox
                            Title: COO and Acting President/CEO

SETTLEMENT AGREEMENT – Page **7** of **10**

EXECUTION VERSION

DATED: May 24, 2024                Diane L. Anderson Revocable Trust

                                   By: /s/ Diane R. Anderson
                                   Diane Anderson, trustee

DATED: May __, 2024                Bonnie K. Buckley IRA

                                   By: _____
                                   Bonnie Buckley, trustee

DATED: May __, 2024                Dyess Family Trust

                                   By: _____
                                   Carl Dyess, trustee

DATED: May __, 2024                Dyess Family Trust

                                   By: _____
                                   Kirby Dyess, trustee

DATED: May __, 2024                Peter L. Koubeck IRA

                                   By: _____
                                   Peter Koubeck, trustee

DATED: May __, 2024                _____
                                   Peter Koubeck, individually

DATED: May __, 2024                Michael T. Peterson IRA

                                   By: _____
                                   Michael Peterson, trustee

SETTLEMENT AGREEMENT – Page 8 of 10

4866-0319-2759.3

EXECUTION VERSION

DATED: May __, 2024

Diane L. Anderson Revocable Trust

By: _____
Diane Anderson, trustee

DATED: May 24, 2024

Bonnie K. Buckley IRA

By: *Bonnie K Buckley IRA*
Bonnie Buckley, trustee

DATED: May __, 2024

Dyess Family Trust

By: _____
Carl Dyess, trustee

DATED: May __, 2024

Dyess Family Trust

By: _____
Kirby Dyess, trustee

DATED: May __, 2024

Peter L. Koubeck IRA

By: _____
Peter Koubeck, trustee

DATED: May __, 2024

_____
Peter Koubeck, individually

DATED: May __, 2024

Michael T. Peterson IRA

By: _____
Michael Peterson, trustee

SETTLEMENT AGREEMENT – Page 8 of 10

4866-0319-2759.3

EXECUTION VERSION

| | |
|---|---|
| DATED: May __, 2024 | Diane L. Anderson Revocable Trust<br><br>By: _____<br>Diane Anderson, trustee |
| DATED: May __, 2024 | Bonnie K. Buckley IRA<br><br>By: _____<br>Bonnie Buckley, trustee |
| DATED: May 28, 2024 | Dyess Family Trust<br><br>By: */s/ Carl F. Dyess*<br>Carl Dyess, trustee |
| DATED: May 28, 2024 | Dyess Family Trust<br><br>By: */s/ Kirby Dyess*<br>Kirby Dyess, trustee |
| DATED: May __, 2024 | Peter L. Koubeck IRA<br><br>By: _____<br>Peter Koubeck, trustee |
| DATED: May __, 2024 | _____<br>Peter Koubeck, individually |
| DATED: May __, 2024 | Michael T. Peterson IRA<br><br>By: _____<br>Michael Peterson, trustee |

SETTLEMENT AGREEMENT – Page **8** of **10**

4866-0319-2759.3

EXECUTION VERSION

DATED: May __, 2024           Diane L. Anderson Revocable Trust

                              By: _____
                                  Diane Anderson, trustee

DATED: May __, 2024           Bonnie K. Buckley IRA

                              By: _____
                                  Bonnie Buckley, trustee

DATED: May __, 2024           Dyess Family Trust

                              By: _____
                                  Carl Dyess, trustee

DATED: May __, 2024           Dyess Family Trust

                              By: _____
                                  Kirby Dyess, trustee

DATED: May 26, 2024           Peter L. Koubeck IRA

                              By: *(signed)* Peter L. Koubeck
                                  Peter Koubeck, trustee

DATED: May 26, 2024           *(signed)* Peter L. Koubeck
                              Peter Koubeck, individually

DATED: May __, 2024           Michael T. Peterson IRA

                              By: _____
                                  Michael Peterson, trustee

SETTLEMENT AGREEMENT – Page **8** of **10**

4866-0319-2759.3

EXECUTION VERSION

DATED: May ___, 2024    Diane L. Anderson Revocable Trust

By: _____
Diane Anderson, trustee

DATED: May ___, 2024    Bonnie K. Buckley IRA

By: _____
Bonnie Buckley, trustee

DATED: May ___, 2024    Dyess Family Trust

By: _____
Carl Dyess, trustee

DATED: May ___, 2024    Dyess Family Trust

By: _____
Kirby Dyess, trustee

DATED: May ___, 2024    Peter L. Koubeck IRA

By: _____
Peter Koubeck, trustee

DATED: May ___, 2024    _____
Peter Koubeck, individually

DATED: May 30, 2024    Michael T. Peterson IRA

By: *Michael Peterson /*
Michael Peterson, trustee

SETTLEMENT AGREEMENT -- Page **8** of **10**

4866-0319-2759.3

**EXECUTION VERSION**

DATED: May 30, 2024     _____
Ed Wilson, individually

DATED: May __, 2024     _____
Sherrie Beattie, individually

DATED: May __, 2024     _____
Barbara Fite, individually

DATED: May __, 2024     _____
Belinda Franke, individually

DATED: May __, 2024     _____
Dean Franke, individually

DATED: May __, 2024     _____
Robert Kalmbach, individually

DATED: May __, 2024     _____
Patricia Witt, individually

DATED: May __, 2024     RSM Revocable Trust

                         By: _____
                         Robert MacLellan, trustee

EXECUTION VERSION

DATED: May ___, 2024

_____
Ed Wilson, individually

DATED: May 31, 2024

*Sherry Beattie*
Sherry Beattie (May 31, 2024 10:48 PDT)
Sherrie Beattie, individually

DATED: May 31, 2024

*Barbara Fite*
Barbara Fite, individually

DATED: May 31, 2024

*Belinda Franke*
Belinda Franke (May 31, 2024 12:58 CDT)
Belinda Franke, individually

DATED: May 31, 2024

*Dean Franke*
Dean Franke, individually

DATED: May 30, 2024

*Robert Kalmbach*
Robert Kalmbach (May 30, 2024 22:59 PDT)
Robert Kalmbach, individually

DATED: May 30, 2024

*Patricia Witt*
Pat Witt (May 30, 2024 20:01 PDT)
Patricia Witt, individually

DATED: May 30, 2024

RSM Revocable Trust

By: *Robert MacLellan*
       Robert MacLellan (May 30, 2024 19:29 PDT)
       Robert MacLellan, trustee

SETTLEMENT AGREEMENT – Page **9** of **10**

4866-0319-2759.3

EXECUTION VERSION

DATED: May __, 2024 *(May 30, 2024)*    RSM Revocable Trust

By: *Gay MacLellan* (Gay MacLellan (May 30, 2024 19:23 PDT))
Gay MacLellan, trustee

DATED: May __, 2024 *(May 30, 2024)*    M2M Development Inc. 401k PSP

By: *Robert MacLellan* (Robert MacLellan (May 30, 2024 19:29 PDT))
Robert MacLellan, trustee

DATED: May __, 2024 *(May 30, 2024)*    M2M Development Inc. 401k PSP

By: *Gay MacLellan* (Gay MacLellan (May 30, 2024 19:23 PDT))
Gay MacLellan, trustee

SETTLEMENT AGREEMENT – Page 10 of 10

4866-0319-2759.3